Bigger, J.
This action was brought by the plaintiff to restrain the defendants, Bowland, the treasurer of the city, and the city from *123 collecting certain assessments levied by ordinance of the city council against the property of the plaintiff.
There are four separate causes of action.
The first cause of action states the action of the city council in levying an assessment for street improvements against a large number of pieces of real estate belonging to the plaintiff, and then alleges that these so-called liens are not valid liens against the plaintiff’s property because no valid assessment cam be levied against property held for educational purposes.
T,he second cause of action, like the first, states the action of the city council in levying an assessment upon a number of pieces of property belonging to plaintiff, and in addition states that the plaintiff had petitioned for the improvement.
The third, like the first two, states the levy of an assessment against certain pieces of property-now belonging to the plaintiff but that the plaintiff acquired the property after the passage of the assessment ordinance.
The fourth cause of action is based upon the levy of certain assessments upon plaintiff’s property for cleaning and sprinkling the streets in front of the plaintiff’s property.
The question presented is as to the validity of these 'assessments. The Supreme Court in the ease of The City of Toledo v. The Board of Education, 48 Ohio State, 83, decided that school property is not liable to assessment for a street improvement, nortean a judgment be rendered against a board of education 'for the payment of assessments out of the contingent fund.
It is claimed that since the passage of the new school code which separates the fund provided for school purposes into separate funds that this is no longer apjolicable. That prior to the passage of that act all the revenue of the board of education being placed in the one fund and á part of that fund being composed of trust funds applicable only to the payment of superintendent and teachers that this prevented any portion of the fund from being applied to the payment of assessments. But as the trust fund is now by law separated from the contingent fund that there is no longer any difficulty in holding a board of education which is empowered to acquire, hold, possess and dispose of real property liable for an assessment for street improvements.
*124 Whatever may have been the reason of the Supreme Court for the decision, which is not disclosed in the opinion, it is settled that prior to the passage of the new school code at least a valid assessment for street improvements could not be levied against school property. If the separation of the fund into separate fund® so that the trust fund can now be distinguished from the other funds of the board will have the effect of rendering assessments hereinafter levied against schogl property valid, I am clear that it can not have that effect as to those assessments which were levied prior to the passage of the new school code. Statutes are not to be given a retrospective opera-ion unless the legislative intention that they shall so operate is clearly expressed.
In the case of Kelly v. Kelso and Loomis, 5 Ohio State, 190, the Supreme Court decided that—
“Statutes affecting substantial interests and rights of property have a prospective operation only unless the contrary intention is clearly expressed. ’ ’
To the same effect is the decision of the Supreme Court in the case of Bemier v. Becker, 37 Ohio St., 72. Acts which were invalid when done are not valid by subsequent legislation in any ease, unless its terms show clearly that that was the legislative intention. This disposes of the first, second and fourth causes of action.
In my opinion the fact of the petitioning for the improvement by the board would not render the property liable for the assessment. _ All parties acted with a knowledge of the law, and that such assessment could not be legally levied against school property.
As to the third cause of action which states that the property therein described had been acquired by the board of education subsequent to the passage of the assessment ordinance, I am unable to see any distinction between this ease and the ease decided by the Supreme Court and reported in the 39 Weekly Law Bulletin, at page 76. In that case the Supreme Court it seems decided that Section 3973, Revised Statutes, which exempts the real and personal property of boards of education from sale by execution, does not apply to a sale on *125 foreclosure of a mortgage, being a subsisting lien on the real estate at the time it was purchased by the board.
J. M. Butter, for plaintiff.
D. T. Keating, for defendant.
I see no. distinction in principle between that and a valid lien levied upon property for a street assessment prior to. the time when the board obtains the property, being a subsisting lien when the property is purchased by the board of education. While the reasoning of the court is not given, it being an unreported ease, I presume the court held the statute could not be applied and could not have application to the enforcement of liens which were valid when created, as to do so would be to defeat the rights of lienholders. This principle seems to be as applicable to a lien for an assessment as to that of a mortgage. For that reason I think the plaintiff is not entitled to the relief asked in the third cause of action. But as to the other three causes of action I think it is entitled to the relief prayed for. For these reasons the demurrer to the first, second and fourth causes are overruled, and sustained as to the third.